USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/21/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE ESTATE OF MIGUEL ANTONIO RICHARDS by
SAREKHI SHAMEILA STEPHENS, as Administrator of the
goods, chattels, and credit of the deceased MIGUEL
ANTONIO RICHARDS,

Plaintiff,

-against-

THE CITY OF NEW YORK, Police Officer JESUS RAMOS,
Police Officer MARK FLEMING, Police Officer REDMOND
MURPHY, and Police Officer MARCOS OLIVEROS,
individually and in their official capacities,

Defendants.

1:18-cv-11287-MKV

ORDER DENYING IN
PART AND GRANTING
IN PART MOTION TO
COMPEL

MARY KAY VYSKOCIL, United States District Judge:

This discovery dispute arises from redactions of Defendants' disciplinary histories and nondisclosure of investigative files in response to Plaintiff's document demands.  On August 31, 2020, the parties filed a joint letter requesting a pre-motion conference in anticipation of Plaintiff's Motion to Compel.  [ECF No. 50.]  The Court granted the request and held a telephonic conference on September 11, 2020.  [*See* ECF Nos. 51–52.]  After the conference, the Court issued an Order deeming the letter requesting the pre-motion conference as a Motion to Compel further discovery from Defendants.  [ECF No. 52.]  Plaintiff seeks to compel Defendants to produce (1) unredacted copies of Civilian Complaint Review Board ("CCRB") Histories, Central Personnel Index ("CPI") Reports, and NYPD Internal Affairs Bureau ("IAB") Resumes and (2) investigative files of other use-of-force allegations.  [ECF No. 50.]

The Court directed Defendants to submit an opposition with supporting affidavits addressing their objection that Plaintiff's requests are unduly burdensome and providing representations of the categories of information that were redacted on the grounds of relevance

1

from the documents already produced.  The Court also granted Defendants leave to produce the documents at issue to the Court for *in camera* review.

Having carefully reviewed Defendants' submissions and the records submitted for *in camera* inspection, the Court DENIES IN PART and GRANTS IN PART Plaintiff's Motion to Compel.

## LEGAL STANDARD

"A district court has broad latitude to determine the scope of discovery and to manage the discovery process." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) (citing *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)).  Motions to compel are "entrusted to the sound discretion of the court." *Benn v. City of New York*, 18-CV-722 (LGS) (OTW), 2019 WL 4857339, at *2 (S.D.N.Y. Oct. 2, 2019) (quoting *Howard v. City of New York*, No. 12-CV-933 (JMF), 2013 WL 174210, at *1 (S.D.N.Y. Jan. 16, 2013)).

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(1).  "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*  Yet, to be discoverable, materials must be "reasonably calculated to lead to the discovery of admissible evidence." *Nat'l Congress for Puerto Rican Rights v. City of New York*, 194 F.R.D. 88, 91 (S.D.N.Y. 2000) (quoting *Morrissey v. City of New York*, 171 F.R.D. 85, 88 (S.D.N.Y. 1997)); *see also Jose Luis Pelaez, Inc. v. Scholastic, Inc.*, No. 1:16-cv-02791 (VM) (SDA), 2018 WL 1891116, at *1 (S.D.N.Y. Apr. 3, 2018) (noting that relevance in the discovery context "is an extremely broad concept" but is "not unlimited" (quoting *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-CIV-7488 (CM) (JCF), 2017 WL 4700367, at *2 (S.D.N.Y. Oct. 19, 2017))).  Thus, in determining the relevance of information sought through discovery, the Court must consider whether there is a legitimate purpose for the requested information—either for use at trial or to

2

uncover admissible evidence.  *See, e.g.*, *Benn*, 2019 WL 4857339, at *4; *T.H. by Shepard v. City of Syracuse*, No. 5:17-CV-1081 (GTS/DEP), 2018 WL 3738945, at *3–4 (N.D.N.Y. Aug. 7, 2018).

Under Federal Rule of Evidence 404(b), evidence of prior wrongful conduct is inadmissible to show propensity to commit the conduct at issue in the case but "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b).  It is well established that prior acts of excessive force are relevant to show intent in a Section 1983 case.  *See O'Neill v. Krzeminski*, 839 F.2d 9, 11 n.1 (2d Cir. 1988); *see also Phillips v. City of New York*, 277 F.R.D. 82, 83 (E.D.N.Y. 2011) ("The theory for permitting discovery concerning disciplinary history is that it may lead to evidence of pattern, intent and absence of mistake or support a plaintiff's claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)." (first citing *Ismail v. Cohen*, 899 F.2d 183, 188–89 (2d Cir. 1990); then citing *Pacheco v. City of New York*, 234 F.R.D. 53, 54–55 (E.D.N.Y. 2006))).

"Records concerning the investigation of complaints *of a similar nature* against a police officer defendant in a section 1983 case may lead to the discovery of evidence 'relevant to issues of pattern, intent, and absence of mistake.'"  *Brown v. City of New York*, No. CV 2008–5095(FB)(MDG), 2011 WL 4594276, at *2 (E.D.N.Y. Sept. 30, 2011) (emphasis added) (quoting *Barrett v. City of New York*, 237 F.R.D. 39, 41 (E.D.N.Y. 2006)).  Thus, in Section 1983 cases alleging excessive force, discovery of documents on prior complaints and police histories of individual officers is generally limited to complaints *similar* to the conduct alleged in the complaint.  *See Gibbs v. City of New York*, No. CV-06-5112 (ILG)(VVP), 2008 WL 314358, at *1 (E.D.N.Y. Feb. 4, 2008) (collecting cases and noting the "prevailing practice in this court and other courts in the Second Circuit which typically limit discovery of a defendant's disciplinary history to complaints, whether substantiated or not, about conduct similar to the conduct alleged in the

3

complaint"); *see also Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) ("[W]here CCRB records contain allegations wholly unrelated to those alleged in the complaint, their relevance has been found 'too tenuous to allow discovery.'" (quoting *Fountain v. City of New York*, Nos. 03 Civ. 4526(RWS), 03 Civ. 4915(RWS), 03 Civ. 7790(RWS), 03 Civ. 8445(RWS), 03 Civ. 9188(RWS), 03 Civ. 9191(RWS), 04 Civ. 665(RWS), 04 Civ. 1145(RWS), 04 Civ. 1371(RWS), 04 Civ. 2713(RWS), 2004 WL 941242, at *2 (S.D.N.Y. May 3, 2004))). Unsubstantiated complaints of excessive force are generally not relevant to intent and therefore not discoverable.  *See T.H. by Shepard*, 2018 WL 3738945, at *4; *see also Thompson v. City of New York*, No. 05 Civ. 3082(PAC)JCF, 2006 WL 298702, at *2 (S.D.N.Y. Feb. 7, 2006) ("Citing grounds such as relevance, improper similar act evidence, and prejudice, courts have consistently denied requests to discover CCRB complaints and other similar documents—especially when the complaints are unsubstantiated." (collecting cases)).

## DISCUSSION

Except in one small respect, the Court cannot identify—and Plaintiff has failed to demonstrate—the relevance of the information Plaintiff seeks.  Plaintiff argues that "[t]he redacted material is relevant to several of Plaintiff's claims, including the claim that Defendants were negligent in screening, hiring, retaining, training and supervising the Officers responsible for the death of Miguel Antonio Richards."  [ECF No. 50, at 2.]  Plaintiff does not offer a specific basis for the relevance of the investigative files or other use of force allegations.  Given that Plaintiff alleges that Defendants acted deliberately and intentionally, and that Plaintiff seeks punitive damages in this regard [*see* ECF 22 ¶¶ 74–86], the Court presumes Plaintiff believes this information would help prove Defendants' intent.

First, whether the City was negligent in screening, hiring, and training officers, is not relevant at this juncture.  Defendants do not dispute that the individual officers were acting within

4

the scope of their employment.  [ECF No. 50, at 3 n.5.]  *See Colodney v. Continuum Health Partners, Inc.*, No. 03 Civ. 7276, 2004 WL 829158, at *9 (S.D.N.Y. Apr. 15, 2004) ("When an employee is acting within the scope of her employment, her employer may be held liable for the employee's negligence only under a theory of *respondeat superior*, and no claim may proceed against the employer for negligent hiring or retention." (citing *Karoon v. N.Y.C. Transit Auth.*, 241 A.D.2d 323, 324, 659 N.Y.S.2d 27, 29 (1st Dep't 1997))); *see also Gurevich v. City of New York*, No. 06 Civ. 1646(GEL), 2008 WL 113775, at *6 (S.D.N.Y. Jan. 10, 2008) ("A claim for negligent hiring or supervision can only proceed against an employer for an employee acting outside the scope of her employment." (quoting *Rowley v. City of New York*, No. 00 Civ. 1793, 2005 WL 2429514, at *12 (S.D.N.Y. Sept. 30, 2005))).  Moreover, discovery of Plaintiff's *Monell* claim for municipal liability is currently stayed pending adjudication of Plaintiff's claims for individual liability.  [*See* ECF No. 33.]  Therefore, despite any potential relevance it might have, this information is not discoverable at this time.

Second, based on the Court's careful *in camera* review of the redacted materials and the investigative files, it is clear that most matters reflected in those materials are not similar in nature to the conduct serving as the basis for Plaintiff's 1983 claim—discharge of a taser and firearms. [*See* ECF 22 ¶¶ 57–58.]  The Court's review confirmed that, as Defendants had represented to Plaintiff and the Court, the disciplinary histories of the Defendant officers include allegations concerning, *inter alia*, failure to respond to calls in a timely manner, use of foul, offensive, or threatening language, missing personal property, and incomplete or improper memobook entries. A few entries allege "excessive force," but most do not involve complaints similar to the type of conduct at issue here.  Moreover, many of the complaints were unsubstantiated.  *See T.H. by Shepard*, 2018 WL 3738945, at *3–4 (deeming unsubstantiated complaints against individual defendants not relevant to 1983 excessive force claim under an intent theory).  Accordingly, most

allegations in the redacted materials and investigative files are not relevant to the alleged conduct underlying this action. *See Barrett*, 237 F.R.D. at 40 (finding that "CCRB complaints that are wholly unrelated to the plaintiff's claims of false arrest, illegal strip search, malicious prosecution and fabricated evidence are not relevant and need not be disclosed to plaintiff"); *see also Younger v. City of New York*, No. 03Civ.8985(VM)(MHD), 2006 WL 1206489, at *1 (S.D.N.Y. May 2, 2006) (finding that "complaints or disciplinary charges that do not involve the type of misconduct at issue here—excessive or unjustified use of force—or acts that involve some element of dishonesty are not likely to be relevant to the claims or defenses in this case, and therefore documents pertaining to such complaints or charges need not be produced").

There are, however, a few entries in the redacted materials and investigative files concerning the discharge of a taser and firearms. First, there are entries for Officers Fleming, Murphy, and Ramos stemming from the shooting underlying this action—specifically, Exhibit C pages 3, 6, 11, 19, 28, and 29. Such entries are unquestionably relevant and should thus be disclosed immediately, to the extent they have not been produced already. Second, among the CCRB, CPI, and IAB records is an entry concerning Officer Ramos's use of a taser, but the subsequent investigation determined that the force used on that occasion "was appropriate given the circumstances and was not unnecessary or unlawful." As such, the allegation was closed as exonerated. An entry of this nature "do[es] not show 'motive, opportunity, intent or the like,' but, instead and impermissibly, serve[s] to show that, because the defendant was previously investigated for excessive force, the fact-finder should believe plaintiff over defendant—'[t]hat is the very use of this evidence, however, that Rule 404(b) is designed to prevent.'" *Thompson*, 2006 WL 298702, at *2 (quoting *Shaw v. City of New York*, No. 95 Civ. 9325 (AJP), 1997 WL 187352, at *6 (S.D.N.Y. Apr. 15, 1997)); *see Mingues v. Benzio*, No. 96 CIV. 5396JSRHBP, 1999 WL 637228, at *1 (S.D.N.Y. Aug. 19, 1999) (denying motion to compel correctional officers to

6

produce information of prior lawsuits by prisoners in their custody because "prior uses of excessive force by the defendants, if any, has no bearing on the issue of whether they used excessive force against plaintiff").  Accordingly, aside from the entries related to the incident giving rise to this action, the information Plaintiff seeks is not relevant and therefore need not be produced.  *See Thompson*, 2006 WL 298702, at *2 (denying request to produce documents where "*in camera* review demonstrates that none of the charges were substantiated; that the charges in the reviewed materials are not reasonably related to the charge in the instant case; and that the production of these materials will not lead to the discovery of admissible evidence").

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff's Motion to Compel is DENIED IN PART and GRANTED IN PART.  To the extent this information has not already been produced to Plaintiff, Defendants are ordered to produce on or before October 26, 2020, at 5:00 PM, any entries in the CCRB Histories, CPI Reports, IAB Resumes, and investigative files that relate to the shooting and death of Miguel Antonio Richards.

**SO ORDERED.**

**Date:   October 21, 2020**
       **New York, NY**

                                      **MARY KAY VYSKOCIL**
                                      **United States District Judge**